IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **HERMELINDA HERNANDEZ** | § | |
| V. | § | CIVIL ACTION NO. B-04-009 |
| **CARLTON CARDS RETAIL, INC. AND AMERICAN GREETINGS CORPORATION** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
Under Rule 26(f)
Federal Rules of Civil Procedure**

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**McAllen, Texas and Cleveland Ohio by phone on May 13, 2004 - David E. Wood for plaintiff and Michelle B. Creger for defendants.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

**None.**

3.  Specify the allegation of federal jurisdiction.

**Title VII, Civil Rights Act of 1964.**

4.  Name the parties who disagree and the reasons.

**None.**

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None.**

1

6.  List anticipated interventions.

**None.**

7.  Describe class-action issues.

**None.**

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process and have not made initial disclosures. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, the parties will make initial disclosures within two weeks of receipt of any such order.**

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process. The parties expect to have mediation completed before July 1, 2004; and if mediation is unsuccessful, intend to proceed with arbitration as agreed upon between them. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, the parties will make initial disclosures within two weeks of receipt of any such order, and the other disclosures referenced in Rule 26(a) as per the rule. If discovery is commenced, the subjects on which it may be needed include the facts and circumstances in connection with plaintiff's discharge from her employment, the motivation in connection therewith, and her efforts to find another job with comparable pay and benefits. If discovery is commenced, the parties will need at least six months to complete it, but see no need to conduct it in phases. The parties agree it should be limited to matters relevant to the allegations in their pleadings. If discovery is commenced, the parties know of no changes that should be made in the limitations on discovery imposed under the FRCP or by local rule. The parties know of no other limitations that should be imposed if discovery is necessary under the FRCP.**

   B. When and to whom the plaintiff anticipates it may send interrogatories.

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process. The parties expect to have mediation completed before July 1, 2004; and if mediation is unsuccessful, intend to proceed with arbitration as agreed upon between them. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, plaintiff anticipates sending interrogatories to defendants within 30 days after receipt of any such order.**

   C. When and to whom the defendant anticipates it may send interrogatories.

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process. The parties expect to have mediation completed before July 1, 2004; and if mediation is unsuccessful, intend to proceed with arbitration as agreed upon between them. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, defendants anticipate sending interrogatories to plaintiff within 30 days after receipt of any such order.**

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process. The parties expect to have mediation completed before July 1, 2004; and if mediation is unsuccessful, intend to proceed with arbitration as agreed upon between them. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, plaintiff anticipates taking the depositions of defendants' employees and/or ex-employees with knowledge of relevant facts about plaintiff's job performance and discharge from her job, including, but not necessarily limited to, Curt Doyle, within 100 days after receipt of any such order.**

   E. Of whom and by when the defendant anticipates taking oral depositions.

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process. The parties expect to have mediation completed before July 1, 2004; and if mediation is unsuccessful, intend to proceed with arbitration as agreed upon between them. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, defendants anticipate taking plaintiff's deposition and, if necessary, depositions of defendants' employees and/or ex-employees with knowledge of relevant facts about plaintiff's job performance and discharge from her job within 100 days after receipt of any such order.**

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**The parties have filed a Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process. The parties expect to have mediation completed before July 1, 2004; and if mediation is unsuccessful, intend to proceed with arbitration as agreed upon between them. If the Court denies the Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process, plaintiff will designate any experts and provide the reports required within 100 days after receipt of any such order, and defendants will designate any experts and provide the reports required within 130 days after receipt of any such order.**

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**At this time, plaintiff does not anticipate taking any such depositions.**

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**At this time, defendants do not anticipate taking any such depositions.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Not applicable.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12. State the date the planned discovery can reasonably be completed.

**If discovery is commenced, by December 17, 2004.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties expect to complete mediation by July 1, 2004. The parties will participate in this mediation in good faith, and therefore believe that a prompt settlement may be reached at mediation.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have agreed to mediation and arbitration if necessary.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**Mediation and arbitration. The parties expect to complete mediation by July 1, 2004. The parties expect to complete arbitration, if necessary, by November 30, 2004.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**At this time, the parties' joint position on a trial before a magistrate judge is that they do not agree to a trial before a magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

**Plaintiff timely made a jury demand.**

18. Specify the number of hours it will take to present the evidence in this case.

**About 16 hours.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Joint Motion to Stay Litigation Pending Completion of Alternative Dispute Resolution Process.**

20.   List other motions pending.

**Plaintiff's Unopposed Motion to Continue Initial Pretrial Conference.**

21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

**David E. Wood, Texas Bar # 21887100, 1317 E. Quebec Ave., McAllen, Texas 78503, 956-618-0115.**

Counsel for Plaintiff _[signature]_   Date 5-13-04

**Michelle B. Creger, Ohio Bar # 0008502, One American Road, Cleveland, Ohio 44144-2398, 216-252-7300 ext. 1344.**

Counsel for Defendants _Michelle B. Creger_   Date 5-13-04
_by permission_